*Margin note: Case of Davis' devisees against the Kennedys*

## Kennedy vs. Davis' devisees &c.

Error to the Madison Circuit; GEORGE SHANNON, Judge.

*Specific performance.   Assignor and assignee.   Parties,
Conveyances.   Warranties.*

Judge MILLS delivered the Opinion of the Court.

THE devisees of Joseph Davis, towit: Robert, John, and William Davis, filed their bill against Thomas and Joseph Kennedy, claiming, thro' their testator, the conveyance of a tract of land

claimed by the testator, under a contract with the ancestor of the Kennedys, and also by a written contract with Thomas Kennedy himself. A decree was rendered, directing Thomas Kennedy, as well as Joseph, to convey the land, amounting to a little upwards of nine hundred acres. On an appeal to this court, the decree was affirmed as to Thomas Kennedy, who held the legal estate; but was reversed as to Joseph who disclaimed; and that decree of the appellate court was conformed to by the court below.

*KENNEDY vs. DAVIS' devisees &c.*

*formerly decided here.*

But in this situation, before any of the costs were paid of this decree, in either court, and before any conveyance by Kennedy, William Davis, one of the complainants in that suit, departed this life, and devised his interest in the land so recovered by the first decree, to his wife and three children, and constituted executors, and his wife executrix.

*Will, and death of W. Davis, of the successful party, before decree executed.*

The said devisees of William Davis, together with the remaining executors, filed this their bill to revive the former decree, to recover the costs thereof, to compel a conveyance in accordance with the first decree, to make partition between the devisees of Joseph Davis, and have the benefit of their interest in severalty; and also to charge Kennedy with rents, as he had held part of the land in possession by virtue of a judgment in ejectment which he had obtained, and also claiming it under a pretended purchase from Robert Davis, one of the devisees and complainants in the first suit.

*Bill by the devisees of Davis &c. to revive and execute the decree.*

Kennedy, in his answer, does not resist the decree which the bill seeks to revive and enforce, but alleges that Robert Davis, one of the complainants in that record, had sold 82 acres of his interest to John Morehead, and had given his bond to convey it, and had also sold 325 acres to Pitman, and given his bond to convey; and that he, the said Robert, had received the consideration stipulated to be given, and that each of their bonds were acquired by him (Kennedy) by assignment, and under their bonds he claims his interest in the land; and he makes his answer a bill against his co-defendant, Robert Davis,

*Kennedy's answer and cross bill.*

KENNEDY
vs.
DAVIS' de-
visees, &c.

Answer of
Davis.

and prays that he may be compelled to relinquish his claim, and to quiet his possession.

Robert Davis answers, and admits the decree, and claims a greater interest than the decree allows him. It seems by the will of Joseph Davis, and the record of the decree, that the tract of land recovered from Kennedy, was, in its general form, much longer than wide; that by his will, he devised 300 acres from one end, to John Davis; 300 acres from the other end, to Robert Davis; and then, what was left in the middle, to William Davis, subject to be taken by Robert and John, if they would pay William £50 per hundred acres on his arrival at age. Robert, to account for his having sold more land than was devised to him, insists, first, that he held a bond on Joseph Davis, the testator, for 500 acres, which is mislaid, but of which he offers proof; and next he insists that he had agreed with William Davis, to take his share at the rate of £50 per hundred, as fixed by the will; and had paid part of the price. He admits the sale to Morehead, and his receipt of payment, and also his sale to Pitman, and a reception of part of the price, and exhibits Pitman's notes for the residue, and professes himself willing to convey on payment of the balance; and if it is not paid he insists, that the land may be sold to make up the deficit; and he likewise makes his answer a cross bill against Kennedy.

John Davis was served with process, and never answered.

Decree of the
circuit court.

The court below assigned 300 acres to Robert, 300 acres to John, and the balance, being the middle territory, to the devisees of William, and decreed conveyances accordingly; but as between Kennedy and Robert Davis, there was no decree giving one money and the other land, or rescinding the contract; and yet the whole proceedings are closed.

Error assign-
ed.

Kennedy has prosecuted this writ of error, and assigned errors in the decree between himself and the devisees of William Davis, as well as between himself and Robert Davis.

We cannot perceive any error in the decree in fa-

ᴠor of the executors and devisees of William Davis. Their right under the will of their immediate testator, as well as the will of the remote testator, and the decree to be revived, is clear. Neither Robert Davis, or Kennedy claiming under him, has been able to shew any purchase from William Davis, or a tender to him of £50 per hundred acres, on his arrival at full age; nor have they been able to shew any title from Joseph Davis, other than what his will has granted. Robert and John are therefore entitled to only 300 acres each, from each end of the tract and the devisees of William Davis to all left between them, which turns out to be 315 acres.

It is objected, that William Davis' representatives have been allowed to recover the costs of the former suit, both in the court below and in the appellate court. We are unable to perceive any valid objection to the decree on this account. The costs were part of the ancient decree which was to be revived, and the representatives of William Davis were entitled to at least their proportionate share. But here they have shewn themselves entitled to the whole. They have charged, that the suit was prosecuted by William Davis, and at his expense; and that he sustained the burden of it. This allegation has not been contested by either Robert or John Davis; and as they are parties to this suit, and do not contest this matter; a decree of the whole to William Davis' representatives cannot prejudice Kennedy, as he by the force of the decree will be discharged from any payment to them.

But as between Kennedy and Robert Davis, the decree cannot be sustained. It might be difficult to ascertain precisely how far the mutual rights of these parties would be barred by the decree. Certain it is, they would not be unaffected, and for this cause, the decree as to Robert Davis must be reversed.

He admits that he sold to Morehead 82 acres, and received the payment; and he also sold to Pitman 325 acres, making 107 acres more than he was entitled to. After deducting the 82 acres sold to Morehead, from the 300 acres to which he is really entitled, there remains 218 acres only, to fill his con-

KENNEDY
vs.
DAVIS' devisees, &c.

Decree in favor of the executors and devisee of W. Davis, approved.

Representatives of the complainant in the original bill, who paid the cost allowed in the bill to revive and execute the decree, to recover all the costs in exclusion of the other complainants.

In a bill by an assignee of a bond for land, the assignor is not a necessary party; but if a balance of the purchase money remains, that must be paid, or the land may be subjected.

KENNEDY
vs.
DAVIS' de-
visees &c.

tract with Pitman. The price at which he sold the whole to Pitman, appears to be £608, for the 325 acres; when, at the same rate for the 218 acres, the price would have been £407 16s. 6d. only. He has received £360, which leaves due to him only £47 16s. 6d. to which he is entitled, with its interest, from the 1st of February, 1806, when this last bond from Pitman became due. The rest of the bonds, or notes, which he holds on Pitman, he is not entitled to, because of the deficiency in the quantity of land. Pitman, however, is not a party to this suit, nor need he necessarily be made a party. The bond which he holds on Robert Davis, for the conveyance of the land, and which he has assigned to Kennedy, is, according to former decisions of this court, assignable so as to vest the legal estate in Kennedy, and it has also been held that an assignor who passes his legal estate in an instrument by assignment, is not a necessary party to a bill brought for specific performance. But as Kennedy holds his contract, and requires its fulfilment, he must do the equity that Pitman would be bound to do, were he before the court. He must pay the balance due, or submit to a sale of the land for the purpose of the payment of the money.

Mode of proceeding, to subject the land in such case.

A decree, therefore, ought to be entered, giving day for the payment of the £47 16s. 6d. with interest thereon after the rate of six per centum per annum, from the 1st of February, 1806, till paid, which day ought to expire in term time, and then, if it is not shewn to the court that the money has been paid, the court by its decree, is to direct the sale of the 218 acres, or so much thereof as shall be necessary to discharge that sum, and the title is to be made to the purchaser. But if Kennedy shall prevent the sale by the payment of the money, then the title is to be made to him.

Query, of the effect of the warranty in a conveyance on a certain condition,

But the tract of three hundred acres which it now becomes the duty of Robert Davis to convey to Kennedy, is part of the same tract, which Kennedy was directed to convey to R. Davis or at least to him and his co-complainants, by the former decree, with warranty. If these warranties shall both be made,

and Kennedy should be hereafter evicted, it may, under the state of the law of warranty in this country, present a question new, and somewhat difficult, as to what effect these warranties should have on each other. For instance, the consideration for which Kennedy is to warrant, may not be greater than half the consideration for which Davis gives his warranty to Kennedy. Now, could Kennedy, in case of eviction, recover this whole consideration of R. Davis, without abatement by the consideration which he had received, and for which he had warranted to Davis? We do not think it necessary to enquire into and settle this question before it shall occur by eviction; but we do not think it proper to prejudice or effect it, by directing Davis now to convey, without respect to what Kennedy is bound to do.

To avoid this, we conceive it best now to direct that to be done, which ought to have been done at the time, to-wit: first, a conveyance with warranty by Kennedy to R. Davis, according to the decree, and fixing the consideration as accurately as that record will enable it to be done; and then, to compel R. Davis to convey to Kennedy inserting in the deed the true consideration that Kennedy or his assignors have received. · This proceeding cannot be wrong, and if the question alluded to is a real existence, then it will not be affected. If it is no question of moment, then the mode adopted cannot make it one. It seems that R. Davis will be bound to convey to Kennedy (after first receiving a conveyance from him for the three hundred acres,) the 82 acres contained in the bond of Morehead. This is a separate contract with Morehead, fulfilled on the part of Morehead. He must also be directed to convey, as before directed, the remaining 218 acres, provided Kennedy, in a reasonable time given, removes the lien therefrom, by paying up the purchase money still due thereon. But if this money is not paid, then a sale of the land, to-wit: the 218 acres, is to be decreed for the purpose of discharging the balance of the purchase money still due to R. Davis, in which event the title of the first sold is to be made to the purchaser.

Vol. VII.                    2 X

Margin notes:

KENNEDY vs. DAVIS' devisees &c.

and of a warranty in a reconveyance by the grantor back to the grantee, and greater consideration in case of eviction.

Executory contracts of sale and resale in such a case, ordered to be both executed by warranty deeds, expressing the consideration in each case, that the warranties may have their legal effects.

KENNEDY
vs.
DAVIS'S devi-
sees &c.
_____
Decree.

The decree, therefore, as to the devisees of William Davis and John Davis, must be affirmed with costs; but as to Robert Davis, the decree must be reversed, with costs, and the cause remanded for such further orders and decrees to be entered therein, as shall not be inconsistent with this opinion, and the equity of the case.

*Caperton* and *J. S. Smith* for plaintiffs; *Turner* for defendants.

---

EJECTMENT.

Case 79.

June 16.

Part of the
lessors of the
plaintiff
struck off the
declaration,
and made de-
fendants with
the tenants in
possession.

Confession of
lease, entry,
and ouster,
on condition
an actual
ouster should
be proved.